UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

J.C., AN INFANT UNDER 18 YEARS
OF AGE BY HIS MOTHER AND NATURAL
GUARDIAN, ARELIS CASTILLO

          Plaintiff,

vs.

THE CITY OF NEW YORK, POLICE OFFICER
THOMAS NAPOLITANO (SHIELD #29370),
SERGEANT ROBERT MARTINEZ (shield #
unknown at present), POLICE OFFICER JOHN
DOE (name and shield number unknown at present)

          Defendants
----------------------------------------------------------------X

14 Civ.

COMPLAINT/
JURY DEMAND

VITALIANO, J.

POLLAK, M.J.

## PRELIMINARY STATEMENT

1. This is an action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiff was deprived of his constitutional and common law rights when the individual defendants utilized unreasonable and excessive force, and unlawfully committed an unwarranted and malicious assault and battery on plaintiff. Defendants deprived plaintiff of his constitutional and common law rights when they caused the unjustifiable arrest of plaintiff and unlawfully confined plaintiff.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, and the doctrine of supplemental jurisdiction over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

5. The plaintiff, J.C., is a minor under 18 years of age, and represented herein by his mother and natural guardian, Ariles Castillo.

6. The plaintiff is a Lawful Permanent Resident of the United States, and is and *was* at all times relevant herein a resident of the Brooklyn, New York.

7. At all times relevant hereto, P.O. Thomas Napolitano, shield number 29370, was acting in the capacity of agent, servant, and employee of defendant City of New York, and within the scope of his employment as such.

8. At all times relevant hereto, Sgt. Robert Martinez, shield number presently unknown, was acting in the capacity of agent, servant, and employee of the defendant City, and within the

scope of his employment as such.

9. At all times relevant hereto, Police Officer John Doe, name and shield number presently unknown, was acting in the capacity of agent, servant, and employee of the defendant City, and within the scope of his employment as such.

10. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents, and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

11. Defendant City is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, defendant City, acting through the New York Police Department ("NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and of the State of New York.

## STATEMENT OF FACTS

12. On April 6, 2013, plaintiff was a 15 year-old high school student who was walking to his home in Brooklyn on the street after spending time with friends.

13. While walking in the vicinity of Schenck Avenue and Pitkin Avenue at approximately 3:10 a.m., the plaintiff noticed a black car pass him, then make a U-turn.

14. After making a U-turn, plaintiff observed the black car stop and saw two male individuals get out of the car and move towards him.

15. Plaintiff ran away from the two males, Officer Defendant Napolitano and Officer Defendant Sgt. Martinez, who continued moving towards him. The Officer Defendants were not in uniform at the time.

16. Plaintiff was then cornered by the defendants at which time he immediately went to the ground and placed his hands behind his head.

17. Without any provocation or justification, an officer defendant violently kicked plaintiff on the left side of his face while he was lying on the ground.

18. Then as one Officer Defendant placed the Plaintiff in handcuffs, he was violently kicked on the right side of his face.

19. Plaintiff was then punched in the head by an Officer Defendant as he was lying on the ground in handcuffs.

20. After being punched in the head and kicked repeatedly in the face by defendants, plaintiff was stood up while handcuffed.

21. After plaintiff was lifted to a standing position, an Officer Defendant then forcibly slammed plaintiff's face into the window of the police vehicle.

22. As a result of the defendants violently kicking, hitting and slamming plaintiff's face into the window of the police vehicle, his jaw was fractured in two places, he bled profusely and suffered severe pain.

23. Plaintiff never struck or attempted to strike any of the defendants.

24. Defendants had no basis to believe that plaintiff was armed and in fact alleged that they observed plaintiff toss away a weapon while he was running and before they cornered him and ordered him to the ground. After cornering plaintiff and ordering him to get on the ground the defendants did not observe any bulges in plaintiff's clothing and did not attempt to pat plaintiff down.

25. After plaintiff's face was slammed into the window of a police vehicle, defendants forcibly placed plaintiff inside of a police vehicle and transported him to the 75th precinct but did not take him inside the precinct. Plaintiff remained in the back of the vehicle still bleeding. He was denied medical treatment for a significant period of time despite his obviously serious injuries.

26. Eventually Plaintiff was transported to Brookdale University Hospital by ambulance where he was admitted and remained for approximately four days.

27. Plaintiff was seriously injured as a result of this assault by the defendants. He suffered both left and right mandible (lower jaw) fractures, extensive bleeding and a swollen face. Plaintiff required approximately three hours of surgery requiring two metal plates to be attached to his jaw with six metal screws.

28. On April 30, 2013, the City of New York commenced a delinquency proceeding against plaintiff alleging one count of Criminal Possession of a Weapon in the Fourth Degree in violation of Penal Law 265.01(2) and one count of Unlawful Possession of Weapons By A Person Under Sixteen Years Old in violation of Penal Law 265.05.

29. After proceedings in the Kings County Family Court, both of the charges against plaintiff were terminated in his favor when he was granted an Adjournment in Contemplation of

Dismissal.

30. The use of force on plaintiff by defendants was unreasonable and far in excess of their lawful authority as New York City police officers. The arrest of plaintiff was made without reasonable or probable cause.

31. In addition to the extensive physical injuries described above, plaintiff also continues to suffer from ongoing pain and problems with the use of his jaw as a direct result of the assault by the defendants.

32. As a direct and proximate result of this vicious assault, unlawful arrest and prosecution, and the use of excessive force, plaintiff suffered and continues to suffer from extreme physical pain, incurred medical expenses, and experienced and continues to experience psychological pain, suffering, and mental anguish and other losses.

33. Plaintiff's jaw continues to cause him problems and may require a follow-up surgery.

## FIRST CAUSE OF ACTION

### Violation of Plaintiffs Rights under § 1983, U.S. Constitution, and Fourth Amendment

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 33 with the same force and effect as if more fully set forth at length herein.

35. By reason of the foregoing, and striking plaintiff in the jaw and head with such force that he sustained left and right jaw fractures, and by assaulting and battering him while he was in custody, the Officer Defendants used unreasonable and excessive force against plaintiff and/or failed to prevent other officers from doing so, and thereby deprived plaintiff of his rights, remedies,

privileges, and immunities guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

36. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers.

37. The Officer Defendants acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

38. The Officer Defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

39. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein before alleged.

## SECOND CAUSE OF ACTION

### Violation of Plaintiffs Rights under § 1983, U.S. Constitution, Fourth Amendment and Fourteenth

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 39 with the same force and effect as if more fully set forth at length herein.

41. By falsely arresting plaintiff without probable cause, and holding him under arrest for an extended and unreasonable period of time, and/or failing to prevent other officers from doing so, the Officer Defendants deprived plaintiff of his rights, remedies, privileges, and immunities guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and laws of

the United States in violation of 42 U.S.C. §1983.

42. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers.

43. The Officer Defendants acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

44. The Officer Defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

45. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein before alleged.

## THIRD CAUSE OF ACTION

### Assault

46. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 45 with the same force and effect as if more fully set forth at length herein.

47. The defendants, their agents, servants, and employees, acting within the scope of their employment, intentionally, willfully, and maliciously assaulted plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiff, and that such act(s) caused apprehension of such contact in the plaintiff.

8

48. By reason of the foregoing, and by striking plaintiff in the jaw, face and head with such force that his jaw was fractured in two places, and assaulting and battering him while he was in custody, the Officer Defendants committed the torts of assault and/or failed to prevent other officers from doing so.

49. The assault and battery by the Officer Defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers and constituted an unreasonable use of force.

50. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers.

51. The Officer Defendants acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

52. Defendants, their officers, agents, servants, and employees were responsible for the assault on the plaintiff. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

53. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein before alleged.

## FOURTH CAUSE OF ACTION

### Battery

54. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 53 with the same force and effect as if more fully set forth at length herein.

52. The defendants, their agents, servants, and employees, acting within the scope of their employment, intentionally, willfully, and maliciously battered plaintiff, or failed to prevent other officers from doing so, in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to the plaintiff, and that such act(s) caused apprehension of such contact in the plaintiff.

53. By reason of the foregoing, and by striking plaintiff in the face, jaw and head with such force that he sustained serious injuries to his jaw fracturing it in two places, and assaulting and battering him while he was in custody Defendants committed the torts of battery and/or failed to prevent other officers from doing so.

54. Defendant Officers were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

55. Defendants, their officers, agents, servants, and employees were responsible for the battery of the plaintiff. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

56. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein before alleged.

57. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FIFTH CAUSE OF ACTION

### False Arrest

58. Plaintiff repeats and realleges paragraphs 1 through 57 as if the same were fully set forth at length herein.

59. The Officer Defendants wrongfully and illegally arrested and imprisoned plaintiff and/or failed to prevent other officers from doing so.

60. The wrongful, unjustifiable and unlawful arrest and imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable or reasonable cause.

61. The Officer Defendants further falsely arrested and imprisoned plaintiff when they held him in custody for an extended and unreasonable period of time after.

62. At all relevant times, the Officer Defendants acted forcibly in arresting and imprisoning plaintiff.

63. At all relevant times, plaintiff was unlawfully, wrongfully, and unjustifiably arrested, deprived of his liberty, and imprisoned.

64. At all times mentioned, the unlawful, wrongful, and false imprisonment of plaintiff was without right and without cause.

65. All of the foregoing occurred without any fault or provocation on the part of plaintiff.

66. Defendants, their officers, agents, servants, and employees were responsible for plaintiff's arrest and imprisonment during this period of time.

67. The Officer Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of plaintiff's rights, and are guilty of egregious and gross misconduct towards plaintiff.

68. Officer Defendants were at all times agents, servants, and employees acting within the

scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their wrongdoing under the doctrine of respondeat superior.

69. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

70. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein before alleged.

## SIXTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

71. Plaintiff repeats and realleges paragraphs 1 through 70 as if the same were fully set forth at length herein.

72. Upon information and belief, defendant City, through the NYPD, owed a duty of care to plaintiff to prevent his unlawful arrest, and prevent the use of excessive and unreasonable force against him.

73. Upon information and belief, defendant City, through the NYPD, owed a duty of care to plaintiff because under the same or similar circumstances, a reasonable, prudent and careful person should have anticipated that an injury to plaintiff, or to those in a like situation, would probably result from this conduct.

74. Upon information and belief, the Officer Defendants were unfit and incompetent for their positions.

75. Upon information and belief, defendant City, through the NYPD, knew or should have known through the exercise of reasonable diligence that the Officer Defendants had a

propensity to commit the misconduct that caused plaintiff's injuries.

76. Upon information and belief, defendant City's negligence in hiring and retaining the Officer Defendants proximately caused plaintiff's injuries.

## JURY DEMAND

77. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiff shall recover compensatory damages in the sum of $5,000,000 against the individual defendants, Police Officer Thomas Napolitano, Sgt. Robert Martinez, Police Officer John Doe and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $2,000,000 against the individual defendants, jointly and severally.

a. That the plaintiffs recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. §1988.

b. That the plaintiffs have such other and further relief as the Court shall deem just and proper.

DATED: December 11, 2014
New York, New York

_/s/_

RICHARD P. REYES, ESQ. (RR 8457)
LAW OFFICE OF RICHARD P. REYES, P.C.
350 Broadway, Suite 701
New York, New York 10011

(212) 966-3761